Merrimack
No. 80-196

ROGER DALEY & a.

v.

DR. HORACE BLOOD

April 3, 1981

*Devine, Millimet, Stahl & Branch,* of Manchester (*Gregory D. Prymak* on the brief and orally), for the plaintiffs.

*Upton, Sanders & Smith,* of Concord (*Frederic K. Upton* on the brief and orally), for the defendant.

PER CURIAM. The sole issue raised in this case is whether the Statute of Frauds (RSA 506:1) bars the plaintiffs from maintaining an action based upon the defendant landowner's alleged "negligent misrepresentation of his intention" (see RESTATEMENT OF TORTS (SECOND) § 552) to sell or lease certain real estate to the plaintiffs when the "agreement" to sell had not been reduced to a written contract or memorandum.

The Superior Court (*DiClerico*, J.) ruled that the Statute of Frauds barred the negligence action and granted the defendant's motion to dismiss. However, the court allowed the plaintiffs to proceed with their related action based upon the intentional tort of deceit in which they alleged that the defendant had made fraudulent representations that he would sell or lease the land to the plaintiffs, *see Munson v. Raudonis*, 118 N.H. 474, 387 A.2d 1174 (1978). Trial by jury resulted in a verdict for the defendant. The plaintiffs then appealed the dismissal of their "negligent misrepresentation" action to this court. We affirm.

■ The Statute of Frauds, RSA 506:1, provides:

"No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing."

In *Munson v. Raudonis*, 118 N.H. 474, 478, 387 A.2d 1174, 1176–77 (1978), we held that an action based upon the intentional tort of deceit could be maintained even though the promise that was alleged to have been breached was itself unenforceable due to the Statute of Frauds. The reason given for our holding in *Munson* was that to bar such an action would "not further the policy of the statute . . . [but on the contrary would] foster an injustice." *Id*. The same policy considerations do not apply, however, when the action brought is based on an alleged unintentional, rather than intentional, tort. Indeed, in this case a deceit action was brought and the jury found for the defendant.

■ The fact that the plaintiffs' action sounds in tort rather than contract is not by itself a sufficient basis for us to ignore the Statute of Frauds. Certainly, to bar recovery in contract but to allow it generally in negligence would subvert the policy of the Statute of Frauds and open the door to the evils the statute is designed to avoid. F. HARPER AND F. JAMES, THE LAW OF TORTS § 7.10 at p. 573 (1956). If we were to allow this negligence action to be main-

tained in the face of the Statute of Frauds, the practical effect would be to render that statute almost meaningless.

> "When a promise is made in good faith, with the expectation of carrying it out, the fact that it subsequently is broken gives rise to no cause of action either for deceit, or for equitable relief. *Otherwise any breach of contract would call for such a remedy.*"

W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 109 at p. 730 (4th ed. 1971) (emphasis added).

█ Accordingly, we hold that the trial court properly dismissed the plaintiffs' claim based on the unintentional tort of negligence.

*Affirmed.*